```
STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KENNETH CHAMBERS (NYBN 5559885)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-6488
     FAX: (415) 436-7234
     kenneth.chambers@usdoj.gov

Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SANDRA LE, <br><br> Defendant. | Case No. 3:21-CR-00331-WHO <br><br> STIPULATION AND PROTECTIVE ORDER [PROPOSED][1] |

With the agreement of the parties, the Court enters the following Protective Order:

Defendant is charged with three counts of Wire Fraud, in violation of 18 U.S.C. § 1343. Upon receipt of a discovery request, the United States will produce documents and other materials pertaining to the defendant and the charged offenses to defense counsel. The discovery to be provided includes

---

[1] This sample Protective Order ("Order") is not intended to cover every situation (*e.g.,* trade secrets or cases in which exposure of protected material could endanger a victim or witness), nor does it cover disclosure of Confidential Source information. Those situations, among others, may require more robust protections than are contained in this sample Order. The Court and the parties should tailor any proposed protective order to suit the needs of a particular case. This Order is also not intended to affect the obligations of either party or the timing of when discoverable materials must be produced. Those obligations are governed by Rule 16 of the Federal Rules of Criminal Procedure, Rule 16-1 of the Northern District of California Criminal Local Rules, and 18 U.S.C. § 3500 and Rule 26.2 of the Federal Rules of Criminal Procedure (the Jencks Act).

UNITED STATES V. SANDRA LE
3:21-CR-00331 WHO

documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual (other than his or her name), including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");

2. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and

3. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel of record, their investigators, assistants, and employees (collectively, "the Defense Team") may review with the defendant all discovery material produced by the government, but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to, any discovery material produced by the government that contains Protected Information, unless the Personal Identifying Information, Financial Information, and/or Medical Information has first been **entirely redacted** from the discovery materials.  The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order.  Discovery material that clearly pertains to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to that defendant unredacted.

The Defense Team may show witnesses Protected Information in the course of preparing a defense if the witness, by reason of their participation in the proceeding, would have seen or had reason to know such information.  Witnesses may only view Protected Information in the presence of the Defense Team, and the Defense Team agrees to keep a log reflecting the date(s) on which a particular witness viewed Protected Information and what specific Protected Information was viewed.

UNITED STATES V. SANDRA LE
3:21-CR-00331 WHO

Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. The defendant, all members of the defense team, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter, unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that neither a defendant nor any member of the Defense Team shall provide any discovery material produced by the government—whether or not the material constitutes or contains Protected Information within the meaning of this Order—to any third party (*i.e.*, any person who is not a member of the defense team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. If a party files a pleading that references or contains or attaches Protected Information subject to this Order, that filing must be under seal.[2]

**IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, defense counsel shall notify the government so that the government can request materials subject to this Protective Order (including any copies) be returned to the United States. To the extent that the Defense Team intends to maintain possession of the Protected Information, it must so do under conditions specified in this Protective Order. If the Defense Team cannot ensure that the material will be kept under the conditions specified in this Order, the Defense Team will destroy the material. After the United States receives documents and materials subject to this Order, it shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C.

---

[2] This Order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.

§ 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.

    This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**

STEPHANIE M. HINDS
Acting United States Attorney

Dated: September 8, 2021

  /s/
**KENNETH CHAMBERS**
Assistant United States Attorney

Dated: September 8, 2021

  /s/
**JULIA JAYNE**
Provisional Counsel for Defendant Sandra Le

**IT IS SO ORDERED.**

Dated: _____

**HON. WILLIAM H. ORRICK**
United States District Judge