UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SANDRA EILEEN LE,<br>Defendant. | Case No. 21-cr-00331-WHO-1<br><br>**RESTITUTION ORDER** |

At the sentencing hearing for defendant Sandra Le on February 15, 2024, the government and Le disagreed over whether the investigation costs of victim University of California San Francisco, School of Nursing ("UCSF") are reimbursable as restitution, and whether UCSF is entitled to prejudgment interest on the $1,536,089.64 they agree was embezzled by Le. Their disagreement hinged on the interpretation of two cases, *Lagos v United States*, 584 U.S. 577 (2018) and *United States v Gordon,* 393 F.3d 1044 (9th Cir. 2004). Having reviewed those cases, the parties' memoranda and their argument at the sentencing hearing, I find that the investigation costs may not be included in the restitution order but that prejudgment interest should be.

The holding of *Lagos v United States* is quite clear: investigation costs incurred by the government are recoverable as restitution, but private investigations by the victim for its purposes are not. *Id.* at 579. UCSF and its insurer certainly needed to perform an investigation to understand the extent of Le's embezzlement, and I assume it was of some value to the government. In a civil suit, there is no doubt those costs could be recovered by UCSF. But under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C.§ 3663A(b)(4), as interpreted by the Supreme Court, UCSF is not entitled to reimbursement for its investigation.

The prejudgment interest issue is closer, and it favors UCSF. Courts have determined that

while the MVRA is silent on this issue, a victim's actual loss includes foregone interest under the Victim and Witness Protection Act, 18 U.S.C.§ 3663. *See United States v Gordon,* 393 F.3d at 1058, and cases cited therein.  Le argues, however, that UCSF would not have invested the money she embezzled but would have spent it for the purposes for which it was paid by the nursing students: to support the programs, employees and needs of the School of Nursing.  But this contention, that there is no likelihood that UCSF would have held these funds in an interest-bearing account, is akin to the unsuccessful argument made by the defendant in *United States v Gordon*, 393 F.3d at 1059.  There, the defendant argued that his former employer, Cisco, would not have placed certain stock proceeds in an interest-bearing account had he not embezzled the funds.  The court rejected that argument, holding that "an 'interest' is merely a proxy for a 'lost opportunity.'" *Id.* (citation omitted).[1]  Here, while there is no showing what UCSF would have done with these specific proceeds, how it was able to replace them with other public funds and insurance, or what the source of such replacement funds was, it is undeniable that UCSF lost the opportunity to use the embezzled funds as it chose for the productive public purposes they were paid.  An order of restitution that includes prejudgment interest is appropriate.

Accordingly, I ORDER that Le pay restitution as follows:

1. $1,536,089.64 in loss; and
2. $167,622.58 in prejudgment interest on the loss.

The total amount of restitution is $1,703,712.22.  Of that:

UCSF shall be paid $1,311,296.31; and

Chubb Insurance shall be paid $392,415.91.

Chubb may be reimbursed after UCSF and after the $300 special assessment ordered at sentencing is paid.  Payments to Chubb shall be remitted to it at 600 Independence Parkway, Chesapeake, VA

---

[1] The *Gordon* court distinguished between stock proceeds, which were eligible for pre-judgment interest restitution, and securities that had not been liquidated and which Cisco acknowledged it had no intention of completely liquidating, which were not. *Id.* at 1059.  The embezzled funds more closely resemble the liquidated stock proceeds than the securities.

1     23320, ATTN: Claim #KY19K2442319 / Darren Zlasney.

2     **IT IS SO ORDERED.**

3     Dated: February 20, 2024



William H. Orrick
United States District Judge